# *UNITED STATES DISTRICT COURT*

FILED

## SOUTHERN DISTRICT OF CALIFORNIA

2007 NOV 13 AM 9:19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## ARREST ON OUT-OF-DISTRICT OFFENSE

BY ___ DEPUTY

'07 MJ 2635

Magistrate Case Number: 07 MJ

The person charged as Randy L. Summers now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Eastern District of Virginia, Norfolk Division, in violation of Title 18, U.S.C. §§1029(a)(2) & 2, 1343 & 2, 1028A(a)(1) &2, 513(a) &2, 1957 & 2.

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 11/13/2007

Jeremy Crider
Special Agent
Federal Bureau of Investigation

Reviewed and Approved:

Dated: 11/13/07.

Assistant United States Attorney

AO 442 (Rev.6/96-EDVA) Warrant for Arrest

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SEALED

WARRANT FOR ARREST

RECEIVED
UNITED STATES MARSHAL
2007 OCT 25 P 12: 10
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.

**RANDY L. SUMMERS**

CASE NUMBER: **2:07cr195**

**To:** The United States Marshal and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest **RANDY L. SUMMERS** and bring him or her forthwith to the nearest magistrate to answer a(n)

_X **Indictment**__Information__Complaint__Order of Court__Violation Notice__Probation Violation Petition

charging him or her with (brief description of offense):

Use of Unauthorized Access Device, etc.

In Violation of Title 18 United States Code, Section(s) 1029(a)(2), 1029(b)(1), 1029(c)(1)(A)(I)

FERNANDO GALINDO
Name of Issuing Officer

CLERK
Title of Issuing Officer

(By) Deputy Clerk

October 25, 2007, at Newport News, VA
Date and Location

INFORMATION COPY ONLY

Bail fixed at $ No bond recommendation
U.S. Attorney's Office (757) 441-6331
(AUSA Robert Krask)

by TOMMY E. MILLER
~~UNITED STATES~~ MAGISTRATE JUDGE

| | | |
|---|---|---|
| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL.

FILED
IN OPEN COURT
OCT 24 2007
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:07cr 195 |
| | ) | 18 U.S.C. §§ 1029(a)(2) & 2 (Use of Unauthorized Access Device - Count 1) |
| | ) | 18 U.S.C. §§ 1343 & 2 (Wire Fraud - Counts 2 - 10) |
| v. | ) | 18 U.S.C. §§ 1028A(a)(1) & 2 (Aggravated Identity Theft - Count 11) |
| | ) | 18 U.S.C. §§ 513(a) & 2 (Uttering Forged Securities - Counts 12 - 16) |
| | ) | 18 U.S.C. §§ 1957 & 2 (Engaging in Unlawful Monetary Transactions - Counts 17 - 18) |
| RANDY L. SUMMERS, (Counts 1 -18). | ) | 18 U.S.C. §§ 981 & 982 Forfeiture |

**INDICTMENT**

OCTOBER 2007 Term - at Norfolk, Virginia

**COUNT ONE**

THE GRAND JURY CHARGES THAT:

From on or about February 27, 2007 through in or about July 2007, the exact dates being unknown, in Norfolk in the Eastern District of Virginia, and elsewhere, defendant RANDY L. SUMMERS did knowingly, with intent to defraud, and in a manner affecting interstate commerce, use and attempt to use one or more unauthorized access devices during a one-year period and by such conduct obtained cash, goods, and merchandise having a value aggregating $1,000 or more during that period; that is, RANDY L. SUMMERS opened a business credit card account (number ****-****-****-8049 (redacted)) with Advanta Bank in the name of his employer's business and used and attempted to use this credit card account to make purchases at

Nordstrom, Williams-Sonoma, Banana Republic, Burberry, and assorted restaurants, for example, and to obtain cash advances at various financial institutions, all totaling approximately $46,096.26.

(In violation of Title 18, United States Code, Sections 1029(a)(2), 1029(b)(1), 1029(c)(1)(A)(i), and 2).

## COUNTS TWO - TEN

THE GRAND JURY FURTHER CHARGES THAT:

From in or about January 2007 through in or about July 2007, the exact dates being unknown, in Norfolk in the Eastern District of Virginia and elsewhere, defendant RANDY L. SUMMERS knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, operated in substance as follows:

### THE SCHEME AND ARTIFICE

1. The object of the defendant's fraudulent scheme and artifice was to obtain and to misuse for his own benefit monies belonging to his employer's business and to the condominium association overseen by his employer.

2. As part of the scheme and artifice, RANDY L. SUMMERS obtained employment working as an office manager, bookkeeper, and property manager for a local business and a condominium association.

3. As part of the scheme and artifice, RANDY L. SUMMERS obtained and abused his access to the firm and condominium association's bank accounts and checkbooks.

4. As part of the scheme and artifice, RANDY L. SUMMERS obtained his employer's identity information and fraudulently used it, along with other information, to open a business credit card account with Advanta Bank. RANDY L. SUMMERS requested that two cards be issued upon the account, one in his and the other in his employer's name. He then activated the account, requested account changes, and monitored account activity by calling Advanta Bank from his work and cellular telephones. After receiving the cards, RANDY L. SUMMERS used them, without his employer's knowledge or permission, to make purchases and to obtain cash advances for himself totaling approximately $46,096.26.

5. As part of the scheme and artifice and to prevent discovery of the fraudulently opened credit card account, RANDY L. SUMMERS changed the mailing address for the account from his employer's address to his home address.

6. As part of the scheme and artifice, RANDY L. SUMMERS misused the firm and condominium association's bank accounts to make online payments for the fraudulent, personal expenses that he incurred on the credit card account with Advanta Bank.

7. As part of the scheme and artifice, RANDY L. SUMMERS removed assorted bank statements from the firm and condominium association's place of business to prevent his employer from discovering the fraud.

8. As a result of this fraudulent scheme and artifice, the local business and the condominium association suffered losses.

ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

In furtherance of the scheme and artifice and to accomplish its object, RANDY L. SUMMERS did commit and caused to be committed the following acts, among others, in the Eastern District of Virginia and elsewhere, in order to obtain monies by fraudulent means:

9. On or about January 30, 2007 in Norfolk, VA, RANDY L. SUMMERS began work for Morrisette Architecture and Freemason Place Condominium Association (hereinafter "Freemason Place") performing duties as a bookkeeper, office manager, and property manager.

10. On or about February 27, 2007 in Norfolk, VA, RANDY L. SUMMERS, without his employer's knowledge and permission, applied online to Advanta Bank for a business credit card account for Morrisette Architecture using his employer's name and identity information.

11. On or about March 6, 2007, RANDY L. SUMMERS telephoned from work to activate one of the two Advanta credit cards (the card in the name of RANDY L. SUMMERS) that had been issued for the new account.

12. On or about March 6, 2007, RANDY L. SUMMERS used the Advanta credit card account to buy airplane tickets for travel from Newport News to New York.

13. On or about March 13, 2007, RANDY L. SUMMERS called Advanta Bank using his cellular telephone and requested a change of address for the credit card account from his employer's address to his home address in Norfolk, VA.

14. On or about March 23, 2007 in Norfolk, VA, RANDY L. SUMMERS used the Advanta credit card account to obtain a cash advance for approximately $502.50 from Wachovia Bank.

15. On or about April 4, 2007 in Norfolk, VA, RANDY L. SUMMERS used the Advanta credit card account to obtain a cash advance for approximately $742.50 from Wachovia Bank.

16. On or about April 10, 2007, RANDY L. SUMMERS used the Advanta credit credit card account to make a purchase of approximately $1,521.45 from the Apple online store.

17. On or about April 28, 2007 in Virginia Beach, VA, RANDY L. SUMMERS used the Advanta credit card account to make a purchase of approximately $1,778.92 from Value City Furniture.

18. On or about May 2, 2007 in Norfolk, VA, RANDY L. SUMMERS used the Advanta credit card account to obtain a cash advance for approximately $742.50 from Wachovia Bank.

19. On or about May 9, 2007, RANDY L. SUMMERS used the Advanta credit card account to make a payment of approximately $80.47 to Match.com.

20. On or about May 12, 2007 in Farmington, WV, RANDY L. SUMMERS used the Advanta credit card account to obtain a cash advance for approximately $502.00 from BB&T.

21. On or about June 1, 2007 in Virginia Beach, VA, RANDY L. SUMMERS used the Advanta credit card account to make a payment of approximately $3,650.00 to Galumbeck Plastic Surgery.

22. On or about June 14, 2007, RANDY L. SUMMERS used the Advanta credit card account to buy airplane tickets (costing approximately $627.10) for a friend to travel from Norfolk, VA to Hawaii and back.

23. On or about June 20, 2007, RANDY L. SUMMERS used the Advanta credit card account to make a payment of approximately $3,000.00 to Wholesale Carpet Outlet in Fairmont, WV.

24. On or about June 26, 2007 in Newport News, VA, RANDY L. SUMMERS used the Advanta credit card account to obtain a cash advance of approximately $501.00 from Langley Federal Credit Union.

25. On or about the dates and in the approximate amounts noted in the counts below, for the purpose of executing the aforesaid scheme and artifice and attempting to do so, RANDY L. SUMMERS did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain signs, signals, and sounds; that is, the defendant made online payments to Advanta Bank for his personal credit card purchases and cash advances by wire transferring monies from bank accounts in the name of Morrisette Architecture and Freemason Place Condominium Association in the Eastern District of Virginia:

| *Count* | *Date* | *Amount* | *Origin* | *Destination* |
|---|---|---|---|---|
| 2 | 3/14/07 | $47.00 | Morrisette Architecture Wachovia Bank Account # '9664 | Advanta Bank |
| 3 | 3/20/07 | $6,728.35 | Morrisette Architecture Wachovia Bank Account # '9664 | Advanta Bank |
| 4 | 4/4/07 | $3,514.21 | Morrisette Architecture Wachovia Bank Account # '9664 | Advanta Bank |
| 5 | 4/21/07 | $3,000.00 | Morrisette Architecture Wachovia Bank Account # '9664 | Advanta Bank |

| Count | Date | Amount | Origin | Destination |
|---|---|---|---|---|
| 6 | 4/26/07 | $7,021.55 | Freemason Place Wachovia Bank Account # '7096 | Advanta Bank |
| 7 | 5/24/07 | $6,000.00 | Freemason Place Wachovia Bank Account # '7096 | Advanta Bank |
| 8 | 5/31/07 | $3,650.00 | Freemason Place Wachovia Bank Account # '7096 | Advanta Bank |
| 9 | 6/8/07 | $5,000.00 | Morrisette Architecture Wachovia Bank Account # '9664 | Advanta Bank |
| 10 | 6/21/07 | $3,000.00 | Freemason Place Wachovia Bank Account # '7096 | Advanta Bank |

(In violation of Title 18, United States Code, Sections 1343 and 2).

**COUNT ELEVEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 10, 2007 in the Eastern District of Virginia and elsewhere, defendant RANDY L. SUMMERS did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation contained in chapter 47 of Title 18, United States Code (namely, the use and attempted use of an unauthorized access device in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and (c)(1)(A)(i) as charged in count one of this indictment); that is, RANDY L. SUMMERS possessed and used an Advanta credit card (number ****-****-****- 8049 (redacted)) in the name of Thomas F. Morrisette to make an online credit card purchase from the Apple online store for approximately $1,521.45.

(In violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(c)(4) and 2).

**COUNT TWELVE**

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 2, 2007 in Norfolk in the Eastern District of Virginia, defendant RANDY L. SUMMERS, with intent to deceive another person and organization, did knowingly make, utter, and possess a forged security of an organization which operates in and whose activities affect interstate commerce; that is, RANDY L. SUMMERS prepared, forged, and issued check #9053 for approximately $2,110.95 made payable to RANDY L. SUMMERS drawn on the Wachovia Bank account of Morrisette Architecture.

(In violation of Title 18, United States Code, Sections 513(a) and 2).

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 5, 2007 in Norfolk in the Eastern District of Virginia, defendant RANDY L. SUMMERS, with intent to deceive another person and organization, did knowingly make, utter, and possess a forged security of an organization which operates in and whose activities affect interstate commerce; that is, RANDY L. SUMMERS prepared, forged, and issued check #1217 for approximately $11,000.00 made payable to America Honda Finance drawn on the Wachovia Bank account of Freemason Place Condominium Association.

(In violation of Title 18, United States Code, Sections 513(a) and 2).

**COUNT FOURTEEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 5, 2007 in Norfolk in the Eastern District of Virginia, defendant RANDY L. SUMMERS, with intent to deceive another person and organization, did knowingly make, utter, and possess a forged security of an organization which operates in and whose activities affect interstate commerce; that is, RANDY L. SUMMERS prepared, forged, and issued check #9056 for approximately $10,798.70 made payable to America Honda Finance drawn on the Wachovia Bank account of Morrisette Architecture.

(In violation of Title 18, United States Code, Sections 513(a) and 2).

**COUNT FIFTEEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 30, 2007 in Norfolk in the Eastern District of Virginia, defendant RANDY L. SUMMERS, with intent to deceive another person and organization, did knowingly make, utter, and possess a forged security of an organization which operates in and whose activities affect interstate commerce; that is, RANDY L. SUMMERS prepared, forged, and issued check #9085 for approximately $1,309.62 made payable to RANDY L. SUMMERS drawn on the Wachovia Bank account of Morrisette Architecture.

(In violation of Title 18, United States Code, Sections 513(a) and 2).

**COUNT SIXTEEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 5, 2007 in Norfolk in the Eastern District of Virginia, defendant RANDY L. SUMMERS, with intent to deceive another person and organization, did knowingly make, utter, and possess a forged security of an organization which operates in and whose activities affect interstate commerce; that is, RANDY L. SUMMERS prepared, forged, and issued check #9144 for approximately $1,288.60 made payable to RANDY L. SUMMERS drawn on the Wachovia Bank account of Morrisette Architecture.

(In violation of Title 18, United States Code, Sections 513(a) and 2).

**COUNT SEVENTEEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 4, 2007 in Virginia Beach in the Eastern District of Virginia, defendant RANDY L. SUMMERS did knowingly engage in a monetary transaction, in or affecting interstate commerce, in criminally derived property of a value greater than $10,000, knowing that the transaction involved criminally derived property which, in fact, was derived from specified unlawful activity, namely, the defendant's passing of forged securities in violation of Title 18, United States Code, Section 513(a); that is, RANDY L. SUMMERS, having paid off the approximate $21,798.70 balance owed on his 2006 Honda Civic with forged checks obtained from his employer's place of business, traded in the vehicle for approximately $15,000.00 and used the proceeds to buy a 2004 Volkswagen Passat from Carmax, a business engaged in and whose activities affect interstate commerce.

(In violation of Title 18, United States Code, Sections 1957 and 2).

**COUNT EIGHTEEN**

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 23, 2007 in Chesapeake in the Eastern District of Virginia, defendant RANDY L. SUMMERS did knowingly engage in a monetary transaction, in or affecting interstate commerce, in criminally derived property of a value greater than $10,000, knowing that the transaction involved criminally derived property which, in fact, was derived from specified unlawful activity, namely, the defendant's passing of forged securities in violation of Title 18, United States Code, Section 513(a); that is, RANDY L. SUMMERS, having forged checks obtained from his employer's place of business totaling approximately $21,798.70, traded in a vehicle derived from the unlawful proceeds of those checks (a 2004 Volkswagen Passat) for approximately $12,000, and purchased a new 2007 Volkswagen Jetta from Greenbrier Volkswagen, a business engaged in and whose activities affect interstate commerce.

(In violation of Title 18, United States Code, Sections 1957 and 2).

## FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. Defendant RANDY L. SUMMERS, if convicted of one or more of the violations alleged in counts one through ten and counts twelve through eighteen of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a. Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation under 18 U.S.C. § 981(a)(1)(C);

b. Any property, real or personal, traceable to or involved in a violation under 18 U.S.C. § 982(a)(1), and any property traceable to such property;

c. Any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation under 18 U.S.C. § 982(a)(2)(B); and

d. Any other property belonging to the defendant, up to the value of the property subject to forfeiture, if any property subject to forfeiture: (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty.

2. The property subject to forfeiture under paragraph 1 includes, but is not limited to, the defendant's interest in the following property:

| |
|---|
| A sum of money of at least $72,386.86 in United States currency and all interest traceable thereto, which represents the gross proceeds of the charged offenses, which upon entry of an order of forfeiture shall be reduced to a monetary judgment. |
| A 32" Dell Flat Panel TV (model # W3207C bearing service tag # 9SHB3B1) and a 37" Dell Flat Panel TV (model # W3707C bearing service tag # 74CB6B1), with speakers. |

(All in violation of Title 18, United States Code, Sections 981 and 982, Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

United States v. Randy L. Summers
Criminal No. 2:07cr 195

A TRUE BILL:

REDACTED COPY

FOREPERSON

Chuck Rosenberg
United States Attorney

By: [signature]

Robert J. Krask
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
bob.krask@usdoj.gov